**The Honorable James L. Robart**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| T-MOBILE USA, INC., a Washington corporation,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>SELECTIVE INSURANCE COMPANY OF AMERICA,<br><br>　　　　　　　Defendant. | NO. 2:15-CV-01739-JLR<br><br>SELECTIVE INSURANCE COMPANY OF AMERICA'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT |

Defendant Selective Insurance Company of America ("Selective"), by and through its attorneys of record, Betts, Patterson & Mines, P.S., and by way of answer to Plaintiff's ("T-Mobile USA" or "Plaintiff") Complaint, admit, deny, and state as follows:

## I.   INTRODUCTION

1. Paragraph 1 of Plaintiff's Complaint does not contain factual allegations to which a response is required. To the extent a response is required, Selective admits the allegations in paragraph 1 of Plaintiff's Complaint.

## II.   PARTIES

2. Selective admits that T-Mobile USA is a corporation with its principal place of business in King County, Washington. Selective lacks sufficient information and belief as to

SELECTIVE INSURANCE COMPANY OF AMERICA'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM - NO. 2:15-CV-01739-JLR

- 1 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

995060.DOCX/020416 1420/8359-0001

the truthfulness of the remaining allegations in paragraph 2 of Plaintiff's Complaint and therefore denies them.

3. Selective admits that it is an insurance company and that it is a Write-Your-Own Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP"). Aside from issuing flood policies as a Write-Your-Own carrier under the NFIP, Selective denies that it is engaged in the business of selling insurance policies within the state of Washington.

### III.   JURISDICTION AND VENUE

4. Paragraph 4 of Plaintiff's Complaint does not contain factual allegations to which a response is required. To the extent a response is required, Selective admits that Plaintiff seeks relief under the statutes listed in paragraph 4 of Plaintiff's Complaint.

5. Selective admits that venue was proper in King County Superior Court prior to removal to this court, but denies that King County or Washington is the most appropriate venue, as set forth in Selective's pending Motion to Transfer Venue.

### IV.   FACTUAL ALLEGATIONS

6. Selective admits that in consideration for premiums, Selective issued an insurance policy to Innovative Engineering Inc. ("Innovative") numbered S164349108 (hereinafter, the "Policy"). Selective denies the remaining allegations in paragraph 6 of Plaintiff's Complaint.

7. Selective admits the allegation that Innovative paid all premiums due and owing under the Policy. Selective lacks sufficient information or belief as to the truthfulness of the remaining allegations in paragraph 7 and therefore denies them.

8. Selective states that the terms, definitions, conditions, limitations, and exclusions within any additional insured provisions in the Selective Policy speak for themselves. Selective denies that T-Mobile USA was expressly identified as an additional

SELECTIVE INSURANCE COMPANY OF AMERICA'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM - NO. 2:15-CV-01739-JLR

- 2 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

995060.DOCX/020416 1420/8359-0001

insured under the Policy in insurance certificates. Selective denies that it or its representatives issued any insurance certificates naming T-Mobile USA as an additional insured. Selective denies that T-Mobile USA qualifies as an additional insured under the policy for any reason. Selective denies the remaining allegations in paragraph 8 of Plaintiff's Complaint.

9. Selective admits that on or around April 23, 2013 a lawsuit was filed against T-Mobile USA and Omnipoint Communications, Inc. ("Omnipoint") entitled *Virginia Properties, LLC v. T-Mobile, et al.* (hereinafter "Underlying Lawsuit") alleging damages to a building.

10. Selective states that the allegations set forth within the Underlying Lawsuit speak for themselves.

11. Selective admits that Innovative completed work for Omnipoint pursuant to a written agreement. Selective states that the terms and conditions of said agreement speak for themselves. Selective denies the remaining allegations in paragraph 11 of Plaintiff's Complaint.

12. Selective denies the allegations set forth in this Paragraph of the Complaint to the extent it can be construed to allege that T-Mobile USA qualifies as an insured under the Selective Policy. Selective denies the remaining allegations set forth in paragraph 12 of Plaintiff's Complaint.

13. Selective admits the allegations in paragraph 13 of Plaintiff's Complaint.

14. Selective admits that it sent a letter to Innovative dated July 23, 2013, the terms and conditions of which speak for themselves. Selective admits the allegations in paragraph 14 of Plaintiff's Complaint to the extent they are consistent with the letter and denies the them to the extent they are inconsistent with the letter.

15. Selective admits that T-Mobile USA tendered a claim to Selective. Selective denies that T-Mobile's tender was timely and any admission that T-Mobile tendered a request for defense shall not be construed as a waiver of Selective's rights to later argue that the tender

SELECTIVE INSURANCE COMPANY OF AMERICA'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM - NO. 2:15-CV-01739-JLR

- 3 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

995060.DOCX/020416 1420/8359-0001

was insufficient as a matter of law.  Selective denies that Omnipoint tendered any claims alleged against it arising out of the damages sought in the Underlying Lawsuit to Selective.  Selective denies the remaining allegations set forth in paragraph 15 of Plaintiff's Complaint.

16. Selective admits that it took the position that it had no obligation to defend or indemnify T-Mobile USA under the Policy because it did not qualify as an additional insured.  Selective denies the remaining allegations in paragraph 16 of Plaintiff's Complaint.

17. Selective admits that the email denying its duty to defend T-Mobile USA referred to and attached the July 23, 2013, letter referenced in paragraph 14 of Plaintiff's Complaint.  The email and letter speak for themselves.  Selective denies the remaining allegations in paragraph 17 of Plaintiff's Complaint.

18. Paragraph 18 of Plaintiff's Complaint purports to characterize the contents of written correspondence between T-Mobile USA and Selective.  These written communications speak for themselves and no response is required to those allegations in paragraph 18.  To the extent a response is required to those allegations, Selective denies those allegations to the extent they are inconsistent with the written correspondence and admits those allegations that are consistent with the written correspondence.  Selective denies that it did not reasonably investigate or provide a substantive explanation of Selective's coverage position in violation of Washington law.  Selective denies the remaining allegations in paragraph 18 of Plaintiff's Complaint

19. Selective admits the allegation in paragraph 19 of Plaintiff's Complaint that Selective confirmed that it denied coverage because T-Mobile USA does not appear in the Selective Policy named as an insured and does not qualify as an additional insured under the Policy.  Selective denies the remaining allegations in paragraph 19 of Plaintiff's Complaint.

20. Selective admits the allegations in paragraph 20 of Plaintiff's Complaint.

21. Selective denies the allegations in paragraph 21 of Plaintiff's Complaint.

SELECTIVE INSURANCE COMPANY OF AMERICA'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM - NO. 2:15-CV-01739-JLR

- 4 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

995060.DOCX/020416 1420/8359-0001

22.     Selective admits the allegations in paragraph 22 of Plaintiff's Complaint as they relate to T-Mobile USA and denies them as to Omnipoint.

23.     Selective denies the allegations in paragraph 23 of Plaintiff's Complaint.

### V.     FIRST CAUSE OF ACTION

### DECLARATORY JUDGMENT

24.     Selective repeats and incorporates its answers to paragraphs 1 through 23 of Plaintiff's Complaint as if fully set forth herein.

25.     Selective denies the allegations in paragraph 25 of Plaintiff's Complaint.

26.     Selective denies the allegations in paragraph 26 of Plaintiff's Complaint.

27.     Selective denies the allegations in paragraph 27 of Plaintiff's Complaint.

### VI.    SECOND CAUSE OF ACTION

### BREACH OF CONTRACT

28.     Selective repeats and incorporates its answers to paragraphs 1 through 27 of Plaintiff's Complaint as if fully set forth herein.

29.     Selective denies the allegations in paragraph 29 of Plaintiff's Complaint.

30.     Selective denies the allegations in paragraph 30 of Plaintiff's Complaint.

### VII.   THIRD CAUSE OF ACTION

### ATTORNEY'S FEES

31.     Selective repeats and incorporates its answers to paragraphs 1 through 30 of Plaintiff's Complaint as if fully set forth herein.

32.     Selective denies the allegations in paragraph 32 of Plaintiff's Complaint.

### VIII.  FOURTH CAUSE OF ACTION

### BAD FAITH

33.     Selective repeats and incorporates its answers to paragraphs 1 through 32 as if fully set forth herein.

SELECTIVE INSURANCE COMPANY OF AMERICA'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM - NO. 2:15-CV-01739-JLR

- 5 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

995060.DOCX/020416 1420/8359-0001

34. Selective denies the allegations in paragraph 34 of Plaintiff's Complaint.

35. Selective denies the allegations in paragraph 35 of Plaintiff's Complaint.

## IX. FIFTH CAUSE OF ACTION

## VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT

36. Selective repeats and incorporates its answers to paragraphs 1 through 35 of Plaintiff's Complaint as if fully set forth herein.

37. Selective denies the allegations in paragraph 37 of Plaintiff's Complaint.

38. Selective denies the allegations in paragraph 38 of Plaintiff's Complaint.

39. Selective denies the allegations in paragraph 39 of Plaintiff's Complaint.

## X. SIXTH CAUSE OF ACTION

## VIOLATION OF THE WASHINGTON INSURANCE FAIR CONDUCT ACT

40. Selective repeats and incorporates its answers to paragraphs 1 through 39 of Plaintiff's Complaint as if fully set forth herein.

41. Selective denies the allegations in paragraph 41 of Plaintiff's Complaint.

42. Selective denies the allegations in paragraph 42 of Plaintiff's Complaint.

## XI. SEVENTH CAUSE OF ACTION

### ESTOPPEL

43. Selective repeats and incorporates its answers to paragraphs 1 through 42 of Plaintiff's Complaint as if fully set forth herein.

44. Selective denies the allegations in paragraph 44 of Plaintiff's Complaint.

### T-MOBILE USA'S PRAYER FOR RELIEF

Selective denies that Plaintiff is entitled to any of the relief it seeks.

### SELECTIVE'S AFFIRMATIVE DEFENSES

Selective asserts the following affirmative defenses to the Complaint. To the extent any matter designated below as an affirmative defense should be treated as a counterclaim,

SELECTIVE INSURANCE COMPANY OF AMERICA'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM - NO. 2:15-CV-01739-JLR

- 6 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

995060.DOCX/020416 1420/8359-0001

Selective respectfully requests that the Court exercise its authority to treat this pleading as if the proper designation has been made. Selective does not concede by including certain defenses herein that any applicable burden of proof is assumed by it.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to bring claims against Selective.

3. Plaintiff's claims are barred or limited to the extent it received a defense from its own insurer.

4. Plaintiff's claims are barred or limited by the doctrine of unclean hands.

5. Plaintiff's claims are barred or limited by the applicable terms, conditions, definitions, exclusions, and endorsements within the Selective Policy, which include, but are not limited to, the General Liability Coverage Form (CG 00 01 12 07), the "Exclusion-Engineers, Architects or Surveyors Professional Liability" (CG 22 43 07 98) Endorsement, and the Additional Insured Endorsement- Owners, Lessees or Contractors- Completed Operations- Automatic Status When Required in Construction Agreement with You (CG 79 21 01 10).

6. Plaintiff's claims are barred due to its undue delay in tendering its claim to Selective.

7. Some or all of Plaintiff's claims are barred to the extent this matter is not governed by Washington law.

8. Plaintiff failed to provide sufficient information or documentation to show that it qualified as an additional insured under the policy issued to Innovative and otherwise failed to cooperate with Selective, including refusing to provide copies of the purported insurance certificates and any written contract between T-Mobile USA and Innovative.

9. Selective's claim handling and claims decision was reasonable and fairly debatable given the facts of the claim even if it is ultimately determined that T-Mobile USA qualifies as an additional insured.

SELECTIVE INSURANCE COMPANY OF AMERICA'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM - NO. 2:15-CV-01739-JLR

- 7 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

995060.DOCX/020416 1420/8359-0001

10. Plaintiff's claims are barred to the extent it failed to carry its initial burden of proof that it is an additional insured.

11. Plaintiff's claims are barred to the extent it failed to satisfy the conditions precedent to Selective's obligations under the Policy.

12. Plaintiff's claims are barred to the extent the sums sought are recoverable under other valid and collectible insurance provided by any other insurer.

13. Plaintiff's claim for *Olympic Steamship* attorney's fees is barred to the extent it breached any policy conditions.

14. Plaintiff's claim for a defense under the Selective Policy is improper as a matter of law because T-Mobile USA was no longer a party to the Underlying Action when at the time when it submitted its alleged tender.

15. To the extent that other insurance exists, such insurance may be obligated to respond to any and all alleged losses, and any alleged obligation of Selective may be reduced or limited to the extent that there exists such other insurance.

16. Plaintiff's claims against Selective are frivolous and in violation of Rule 11.

17. Selective reserves its right to assert new or different affirmative defenses and to assert cross claims, counterclaims, and third party claims based on information determined during discovery.

## SELECTIVE'S COUNTERCLAIM

For its counterclaim against Plaintiff, Selective alleges as follows:

1. Selective incorporates by reference and re-alleges all responses and allegations set forth in the preceding paragraphs.

2. To the extent that any justiciable controversy exists between Plaintiff and Selective with respect to any of the matters alleged in Plaintiff's Complaint, this is a proper counterclaim for a declaratory judgment with respect to such matters.

SELECTIVE INSURANCE COMPANY OF AMERICA'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM - NO. 2:15-CV-01739-JLR

- 8 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

995060.DOCX/020416 1420/8359-0001

3. Pursuant to 28 U.S.C. § 2201, Selective is entitled to a judicial determination concerning the scope and nature of its rights and obligations under any insurance contract issued by Selective with respect to the matters alleged in Plaintiff's Complaint.

4. Selective is entitled to the declaration that it has no obligation to Plaintiff under the insurance contracts alleged to be at issue in this suit.

## **PRAYER FOR RELIEF**

WHEREFORE, Selective prays for judgment as follows:

1. Dismissing Plaintiff's Claims against Selective with prejudice.

2. Awarding Selective its costs and expenses, including reasonable attorney's fees incurred in defense of this action.

3. Awarding Selective such other and further relief as the Court may deem just and proper.

DATED this 4th day of February, 2016.

BETTS, PATTERSON & MINES, P.S.

By  /s  Jeffrey S. Tindal
By  /s David R. Greenberg
   Jeffrey S. Tindal, WSBA #29286
   David R. Greenberg, WSBA # 46308
Betts, Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle WA  98101-3927
Telephone:   (206) 292-9988
Facsimile:    (206) 343-7053
E-mail:         jtindal@bpmlaw.com
E-mail:         dgreenberg@bpmlaw.com
Attorneys for Defendant Selective Insurance

SELECTIVE INSURANCE COMPANY OF AMERICA'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM - NO. 2:15-CV-01739-JLR

- 9 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

995060.DOCX/020416 1420/8359-0001

# CERTIFICATE OF SERVICE

I, Jeffrey S. Tindal, hereby certify that on February 4, 2016, I electronically filed the following:

- **Selective Insurance Company of America's Answer, Affirmative Defenses and Counterclaim to Plaintiff's Complaint; and**

- **Certificate of Service.**

with the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel for Plaintiff T-Mobile USA, Inc.*
Michael A. Moore
Kelly H. Sheridan
Paul R. Raskin
Corr Cronin Michelson Baumgardner & Preece LLP
1001 4th Ave Ste 3900
Seattle, WA 98154-1051

DATED this 4th day of February 2016.

BETTS, PATTERSON & MINES P.S.

By /s Jeffrey S. Tindal
By /s David R. Greenberg
   Jeffrey S. Tindal, WSBA #29286
   David R. Greenberg, WSBA #46308
Betts, Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle WA  98101-3927
Telephone:     (206) 292-9988
Facsimile:     (206) 343-7053
E-mail:        jtindal@bpmlaw.com
E-mail:        dgreenberg@bpmlaw.com
Attorneys for Defendant Selective Insurance

SELECTIVE INSURANCE COMPANY OF AMERICA'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM - NO. 2:15-CV-01739-JLR

- 10 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

995060.DOCX/020416 1420/8359-0001