UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

T-MOBILE USA INC.,

Plaintiff,

v.

SELECTIVE INSURANCE COMPANY OF AMERICA,

Defendant.

CASE NO. C15-1739JLR

ORDER REGARDING ADDITIONAL BRIEFING

Before the court is Plaintiff T-Mobile USA Inc. ("T-Mobile") and Defendant Selective Insurance Company of America's ("Selective") joint status report setting forth the parties' positions on how this case should proceed in light of the Ninth Circuit's remand. (JSR (Dkt. # 101); Mem. Op. (Dkt. # 97); Mandate (Dkt. # 98).)

This case involves an insurance coverage dispute in which T-Mobile asserts that it is an additional insured under a Selective insurance policy (the "Policy") issued to Innovative Engineering, Inc. ("Innovative"). (*See* Compl. (Dkt. # 4).) The parties

cross-moved for summary judgment in mid-2017. (*See* T-Mobile MSJ (Dkt. # 50) (sealed); Selective Cross-MSJ & Resp. (Dkt. # 71); T-Mobile Reply (Dkt. # 77); Selective Reply (Dkt. # 78).) On June 27, 2017, the court denied T-Mobile's motion for partial summary judgment, and granted in part and reserved ruling in part on Selective's motion for summary judgment on the basis that T-Mobile is not an additional insured under the Policy. (*See* 6/27/17 Order (Dkt. # 82) at 2.)

On appeal, the Ninth Circuit reversed on the grounds that Selective was bound by its agent the Van Dyk Group, Inc.'s ("VDG") representations that T-Mobile USA was an additional insured under the Policy. (*See* Mem. Op. at 4.) Following the Ninth Circuit's remand, the court ordered the parties to file a joint status report that includes "(1) a proposal for how this matter should proceed in view of the Ninth Circuit's mandate and (2) an accompanying timeline for the proposed course of action." (JSR Order (Dkt. # 100)). The parties' joint status report is now before the court. (*See* JSR.)

The parties agree that no further discovery is necessary and that the issues in this case are ripe for decision by the court on motions practice. (*See id.* at 1-2.) However, the parties differ on whether additional briefing is necessary. (*See id.* at 2-5.) T-Mobile contends that no additional briefing is necessary because the Ninth Circuit only addressed the threshold issue of whether T-Mobile is an additional insured. (*See id.* at 2.) T-Mobile contends that the parties already briefed the remaining substantive coverage issues in their cross-summary-judgment motions, issues which the court has not yet addressed. (*See id.*; *see also* T-Mobile MSJ (Dkt. # 50) (sealed); Selective Cross-MSJ & Resp. (Dkt. # 71); T-Mobile Reply (Dkt. # 77); Selective Reply (Dkt. # 78); 6/27/17

Order (Dkt. # 82).) According to T-Mobile, there is no material change in this case's posture that warrants additional briefing. (*See* JSR.)

On the other hand, Selective contends that the most efficient way to proceed is for the parties to file new dispositive motions "that will frame all remaining issues for the Court and address the effect of the Ninth Circuit's mandate on T-Mobile USA's claim for coverage." (*See id.* at 4.) Selective contends that the parties' prior briefing is now stale. (*See id.*) Selective further argues: (1) that Selective needs the opportunity to file additional briefing to argue the effect on this case of "an additional, yet independent, tender for coverage by T-Mobile Northeast, LLC ('T-Mobile NE'), and T-Mobile NE's subsequent voluntary withdrawal of that tender" (*id.* at 4); and (2) that the parties have not fully briefed the issue of whether the policy's professional services exclusion bars coverage for T-Mobile's claim, which Selective contends is now ripe for review (*id.*).

The court concludes that scrapping the parties' prior briefing entirely is unwarranted and is not in the interest of judicial economy. The Ninth Circuit's memorandum opinion and mandate address the "threshold" issue of whether T-Mobile is an additional insured under the relevant policy, and do not discuss the remaining issues that the parties have already briefed. (*See* Mem. Op. at 3-4.) The court concludes that it would be an inefficient use of the court's and the parties' resources for the parties to file duplicative briefing on those issues.

Nevertheless, the court will allow the parties the opportunity to submit limited, simultaneous briefing that addresses (1) the impact of the Ninth Circuit's memorandum opinion and mandate on this case; (2) the parties' understanding of the remaining issues

to be adjudicated as raised by the parties' cross-summary-judgment motions (*see* T-Mobile MSJ; Selective Cross-MSJ & Resp.); and (3) any additional arguments not raised in the parties' cross-summary-judgment motions, along with argument on why the court should consider any such additional arguments simultaneously with the court's consideration of the remaining issues raised in parties' cross-summary-judgment motions. The parties shall file their additional briefing, if any, by May 12, 2020. Each party's additional briefing, if any, shall not exceed 12 pages in length. The parties shall not file responses to the additional briefing unless specifically requested by the court.

Dated this 22nd day of April, 2020.

JAMES L. ROBART
United States District Judge